| | |
|---|---|
| GARY FRANCIS FISHER[1], <br><br> Petitioner, <br><br> v. <br><br> SACRAMENTO COUNTY SUPERIOR COURTS, <br><br> Respondent. | Case No. 1:17-cv-00650-MJS (HC) <br><br> **ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER** <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b)** <br><br> **(ECF No. 13)** <br><br> **THIRTY (30) DAY OBJECTION DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Petitioner is a state prisoner proceeding pro se. He initiated this action on March 28, 2017 in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) His initial petition was stricken and he was given leave to amend. (ECF No. 9.) Plaintiff filed a first amended petition (ECF No. 13), which

---

[1] Also known as Gary Dale Barger and Sonny Barger II.

challenges his conviction in Case No. BF134705A in the Superior Court of California, County of Kern. Accordingly, on May 9, 2017, the matter was transferred to the Fresno Division. (ECF No. 16.)

Petitioner challenges a January 6, 2012 plea to assault with a deadly weapon with various enhancements. (ECF No. 13.) A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction. In Case No. 1:14-cv-00946-LJO-MJS (HC), Petitioner challenged the same underlying conviction. On November 26, 2014, the petition was dismissed as untimely.[2] See Barger v. Rackley, No. 1:14-cv-00946-LJO-MJS, 2014 WL 4976084 (E.D. Cal. Sept. 29, 2014).

## I. Discussion

A court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements; the Petitioner must first file a motion with the appropriate court of appeals to be authorized to file a second or successive petition with the district court.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he

---

[2] Dismissal of a habeas petition for failure to comply with the AEDPA statute of limitations renders subsequent petitions challenging the same conviction successive. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

2

can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

**II.     Conclusion and Recommendation**

The Clerk of Court is HEREBY DIRECTED to assign a District Judge to this matter. Furthermore, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

The findings and recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of

rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     May 11, 2017              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

4